

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00177-CR

MILES MAURICE MCCASLIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 34274CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Miles Maurice McCaslin pled guilty to possession of less than one gram of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). Pursuant to a plea agreement, the trial court sentenced McCaslin to two years' confinement in state jail, but the court suspended his sentence in favor of placing him on community supervision for four years. The State later moved to revoke McCaslin's community supervision on the ground that he violated terms and conditions by refusing to submit to a urinalysis test and by failing to complete community supervision as ordered. After McCaslin pled true to the allegations in the State's revocation motion, the trial court imposed the original sentence of two years' confinement in state jail. McCaslin appeals.

McCaslin's attorney has filed a brief stating that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 5, 2024, counsel mailed to McCaslin copies of the brief, the motion to withdraw, and a pro se motion for access to the appellate record lacking only McCaslin's signature. McCaslin was informed of his rights to review the record and file a pro se response. By letter dated January 5, this Court informed McCaslin that his pro se motion for access to the appellate record was due on or before January 22. On February 7, this Court further informed McCaslin that the case would be set for submission on the briefs on February 28. We received neither a pro se response from McCaslin nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See id.*

We affirm the judgment of the trial court.[1]

                                        Jeff Rambin
                                        Justice

Date Submitted:      February 28, 2024
Date Decided:        February 29, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.